# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HSBC BANK, USA,<br><br>Plaintiff,<br><br>vs.<br><br>VANCE STRADER,<br><br>Defendant, | Civil Action No. 19-1313<br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

AND NOW, this 16th day of October, 2019, upon consideration of the Motion to Proceed In Forma Pauperis filed by pro se Defendant Vance Strader ("Strader") as well as the accompanying Notice of Removal, (Docket No. [1]), wherein he has attempted to remove a foreclosure action wherein Plaintiff HSBC Bank, USA seeks an in rem judgment of $31,915.66 plus costs against him in the Court of Common Pleas of Allegheny County, based upon his assertions that this Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because his counterclaims arise under various federal laws and alternatively under 28 U.S.C. § 1332 due to the fact that his counterclaims seek in excess of $3 million from diverse party HSBC,

IT IS HEREBY ORDERED that Strader's Motion to Proceed In Forma Paueris [1] is GRANTED;

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1447(c), this matter is REMANDED to the Court of Common Pleas of Allegheny County, forthwith;

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED and serve a certified copy of this Order on the Prothonotary for the Court of Common Pleas of Allegheny County, forthwith.

1

In so holding, the Court notes that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). "They possess only that power authorized by Constitution or statute, which is not expanded by judicial decree." *Id.* (internal citations omitted). In every case, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). When a party removes a case to federal court, the Court must "evaluate whether that action could have been brought originally in federal court." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748, 204 L. Ed. 2d 34 (2019), *reh'g denied,* No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019). The Court should remand the case "[i]f at any time before final judgment it appears that the [Court] lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Strader, as the removing party asserting that the Court has jurisdiction over this case, bears the burden of establishing same. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673.

Having considered the matter, the Court finds that the instant removal is both procedurally and substantively deficient under the relevant removal statutes, necessitating a remand of this matter to state court for lack of subject matter jurisdiction. To this end, the removal is procedurally defective because the removal is untimely under 28 U.S.C. § 1446(b)(1) which requires the notice of removal to be filed within thirty (30) days of Strader's receipt of the Complaint "through service or otherwise" and he entered his appearance in state court in April of 2019 at which time he successfully petitioned that court to set aside a default judgment entered against him and has proceeded to litigate the matter there until the present removal was made six months later. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial

pleading setting forth the claim for relief upon which such action or proceeding is based."). Additionally, to the extent that the removal is premised on diversity of citizenship, 28 U.S.C. § 1441(b)(2) bars a Pennsylvania citizen such as Strader from removing a civil action to this Court on diversity grounds. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). In any event, these procedural deficiencies cannot be cured because the purported removal is erroneously based upon counterclaims arising under federal law and/or the amount in controversy at issue in such counterclaims both of which are insufficient to establish subject matter jurisdiction over the removed action.

With respect to the removal under § 1331, as this Court has held previously,

> "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal [question] jurisdiction exists only where a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Berne Corp. v. Government of The Virgin Islands*, 570 F.3d 130, 136 (3d. Cir. 2009) (citation to quoted source omitted). Under this standard, "there can be no removal on the basis of a federal question unless the federal law under which the claim arises is a direct and essential element of the plaintiffs['] case." *In re Community Bank of Northern Virginia*, 418 F.3d 277, 293 (3d Cir. 2005) (citations omitted, emphasis added). Because "[r]emoval statutes are ... strictly construed, with all doubts ... resolved in favor of remand," Defendants bear "a heavy burden of showing that" this action "is properly [in] federal court." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (citations omitted).

*Alpha Fin. Mortg., Inc. v. Baugh*, Civ. A. No. 09-814, 2009 WL 3681858, at *2 (W.D. Pa. Nov. 3, 2009). Simply put, "a defendant cannot create federal jurisdiction by asserting federal defenses or counterclaims to a state law foreclosure complaint." *U.S. Bank Nat'l Ass'n v. Vaughn*, No. 1:18-CV-01826, 2019 WL 3022799, at *2 (M.D. Pa. May 6, 2019), *report and recommendation*

3

*adopted,* No. 1:18-CV-1826, 2019 WL 3022356 (M.D. Pa. May 24, 2019) (citations omitted). Here, Strader lists the "federal questions" upon which the removal relies to include, among other things, federal common law, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, various provisions of the U.S. Constitution, 42 U.S.C. §§ 1983, and 1985, federal securities laws, as well as the RICO Act, and he admits that "[t]hese Federal questions will also be the basis for all my counterclaims." (Docket No. 1-1 at 1-2). Hence, the alleged federal defenses and counterclaims cannot serve as the basis for a removal and the assertion of federal question jurisdiction must be denied.

As to the removal on the basis of diversity jurisdiction, it is Strader's burden to demonstrate that the parties are completely diverse and that the amount in controversy is in excess of the jurisdictional threshold of $75,000. *See* 28 U.S.C. § 1332(a). While the parties here are diverse, Strader has not shown that the operative complaint filed against him seeks an amount in excess of $75,000. *See* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"). As noted, the foreclosure complaint expressly seeks less than the jurisdictional amount as HSBC requests an in rem judgment in the amount of $31,915.66 plus costs and fees, amounts which do not approach the $75,000 threshold. (Docket No. 1-1). Strader also bases his removal on the purported $3 million value of his counterclaims. (Docket No. 1). Setting aside the lack of support for such a valuation of the counterclaims, the Supreme Court has held that "[s]ection 1441(a) […] does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Home Depot*, 139 S.Ct. at 1748. Therefore, as Strader has

failed to demonstrate that this Court has diversity jurisdiction over the state court foreclosure complaint, this Court lacks subject matter jurisdiction over this case.

Accordingly, this matter is remanded to the Court of Common Pleas for all further proceedings, forthwith.

                                                *s/Nora Barry Fischer*_____
                                                Nora Barry Fischer
                                                Senior U.S. District Judge

cc/ecf:  All counsel of record.

          Prothonotary, Court of Common Pleas of Allegheny County

cc:      Vance Strader
         7234 Kendron Street
         Pittsburgh, PA 15208
         (via regular and certified mail)